# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION (HUGO L. BLACK U.S. COURTHOUSE)

Dr. Mashiach C. Lassiter, individually and on behalf of all others similarly situated,
Plaintiff,
v.
Alexander Shunnarah Injury Lawyers, P.C. and Treasure Sutton,
Defendants.

## PLAINTIFF'S SUMMARY BRIEF IN SUPPORT OF CLASS ACTION COMPLAINT AND MOTION FOR CLASS CERTIFICATION

This case arises from the systemic malpractice and breach of duty committed by Defendants against hundreds, if not thousands, of personal injury clients. Defendants solicited clients aggressively, but failed to provide actual representation, instead leaving cases idle until statutes of limitation expired. The class seeks redress under the Alabama Legal Services Liability Act (ALSLA), breach of contract principles, and applicable federal jurisdiction under the Class Action Fairness Act (CAFA).

## Factual Background

• Plaintiff retained Defendants on January 1, 2024, following an accident on August 29, 2022. • Defendants repeatedly requested the same documents, relied on automated text messages, and failed to file pleadings, motions, or conduct discovery. • No settlement options were discussed, and no case was advanced. • On July 9, 2025, Defendants abruptly withdrew, citing the wrong statute of limitations. • Numerous clients report identical experiences, demonstrating a firm-wide pattern of neglect.

## Legal Grounds

1. Legal Malpractice (ALSLA) – Defendants breached their duty by failing to file timely complaints, investigate claims, advise of settlement opportunities, or protect clients from statutory expiration. 2. Breach of Contract – Clients retained Defendants through attorney-client agreements, which were not honored. 3. Damages – The class seeks: • $10,000 minimum per client; • Greater damages for clients with larger lost claims; • Costs, fees, and punitive damages.

## Class Certification (Rule 23, Fed. R. Civ. P.)

• Numerosity – Hundreds or thousands of clients affected, joinder impracticable. • Commonality – All clients experienced the same systemic failures. • Typicality – Plaintiff's claims mirror those of the Class. • Adequacy – Plaintiff has no conflicts; class counsel will prosecute vigorously. • Predominance – Central question: whether Defendants engaged in systemic malpractice. • Superiority – A class action is the fairest and most efficient resolution.

## Supporting Authority

• Ex parte Panell, 774 So. 2d 647 (Ala. 2000) – Recognized attorney malpractice claims for missed statutes of limitation and failures to act. • Dennis v. Northcutt, ___ So. 3d ___ (Ala.) – Clarifies malpractice claims may still be filed even when underlying claims lapsed. • Alabama "case-within-a-case" doctrine establishes damages equal to what clients would likely have recovered but for malpractice. • Punitive damages are justified where misconduct is reckless or systemic.

## Conclusion

This case is not about isolated mistakes. It is about a business model that prioritizes client intake over client advocacy, leaving vulnerable individuals without justice. The Court should certify the class, allow discovery into Defendants' practices, and permit this action to proceed to ensure accountability.

Respectfully submitted,
Dr. Mashiach C. Lassiter, Pro Se Plaintiff

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION (HUGO L. BLACK U.S. COURTHOUSE)

Dr. Mashiach C. Lassiter, individually and on behalf of all others similarly situated,
Plaintiff,
v.
Alexander Shunnarah Injury Lawyers, P.C. and Treasure Sutton,
Defendants.

Case No: _____

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Upon consideration of Plaintiff's Motion for Class Certification, the supporting memorandum of law, affidavits, and all other submissions, the Court finds that Plaintiff has satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, including numerosity, commonality, typicality, adequacy, predominance, and superiority. IT IS HEREBY ORDERED: 1. The Court certifies the following Class: All persons who retained Alexander Shunnarah Injury Lawyers, P.C., and/or its attorneys, for representation in personal injury matters and who were subjected to Defendants' failure to timely file claims, pursue discovery, advise on settlement, or otherwise diligently represent their cases. 2. Dr. Mashiach C. Lassiter is appointed as Class Representative. 3. Class Counsel shall be appointed upon further submission and approval by the Court. 4. Notice to the Class shall be provided in accordance with Rule 23(c)(2). SO ORDERED this ___ day of _____, 20___.

_____
Hon. _____
United States District Judge